**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

GRADY R. WILLIAMS, JR.,      :
                                    :
        Plaintiff,          :
                                      :
        VS.             :
                                      :     NO. 5:13-CV-0254-MTT-MSH
                                        :
Commissioner BRIAN OWENS, *et. al,*     :
                                      :     PROCEEDINGS UNDER 42 U.S.C. § 1983
        Defendants.       :     BEFORE THE U. S. MAGISTRATE JUDGE

_____

## ORDER and RECOMMENDATION

Plaintiff Grady R. Williams, a state prisoner currently confined at the Macon State Prison in Oglethorpe, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and paid an initial filing fee of $14.83.   Plaintiff is still obligated to pay the remaining $335.17 of the filing fee as directed later in this Order.   For this reason, the Clerk of Court is **DIRECTED** to send a copy of this Order to the warden and/or business manager of the facility in which Plaintiff is currently confined.

The undersigned has also now completed a preliminary review of both Plaintiff's Recast Complaint (ECF No. 6) and his recently filed Amended Complaint (ECF No. 7),[1] pursuant to 28 U.S.C. § 1915A(a), and will allow Plaintiff's claims against Commissioner

---

[1] Although the Docket shows that Plaintiff filed an amended complaint on September 3, 2013 (ECF No. 6), the undersigned considers this pleading to be Plaintiff's recast complaint filed in response to the Court's July 24, 2013, Order to Recast.   Plaintiff also filed a Motion to Amend and proposed amended complaint (ECF No. 7) on September 27, 2013.   Rule 15(a) allows a party to amend his pleading once, as a matter of course, within twenty-one days of service.   *See* Fed. R. Civ. 15(a).   Plaintiff's Amended Complaint was filed prior to service and is thus deemed filed.

Brian Owens, Warden Gregory McLaughlin, Deputy Warden Don Blakely, Lieutenant Peter Eddie, and Dr. C. Nash to go forward.   It is **RECOMMENDED**, however, that Plaintiff's claims against the "Georgia Department of Corrections" and "Macon State Prison" be **DISMISSED** under 28 U.S.C. § 1915A(b)(2).

### STANDARD OF REVIEW

When conducting preliminary screening pursuant to 28 U.S.C. § 1915A(a), the district court must accept all factual allegations in the complaint as true.   *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).   *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and will be "liberally construed."   *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).   A *pro se* prisoner's pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint, when viewed liberally and in the light most favorable to the plaintiff, is frivolous or malicious, seeks monetary relief from immune defendants, or fails to state a claim upon which relief may be granted.   *See* 28 U.S.C. § 1915A(b).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).   To state a cognizable claim, the allegations in the complaint must also do more than "merely create[] a suspicion [of] a legally cognizable right of action."   *Id.* at 555.   "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice."   *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Therefore, to survive a § 1915A

2

preliminary review, a prisoner's complaint must "raise the right to relief above the speculative level" by alleging facts which create "a reasonable expectation" that discovery will reveal the evidence necessary to prove a claim.   *See Twombly*, 550 U.S. at 555-56.

## ANALYSIS OF CLAIMS

The present action arises out of an incident occurring at the Macon State Prison. The Complaint alleges that Plaintiff was attacked by other inmates and stabbed seven times.   A nearby officer allegedly witnessed the attack but "stood idly" inside the control booth, failing to offer Plaintiff any assistance.   According to Plaintiff, "over 1200 acts of violence [are] reported every year at Macon State Prison," and Commissioner Brian Owens, Warden Gregory McLaughlin, and Deputy Warden Don Blakely are each "aware of the ongoing gang violence that results in stabbings and deaths" at Macon State Prison but "recklessly disregard [the] prevalence of weapons and violence" that occurs and "ignore the problem that [is] an obvious and serious danger" to inmates.   (*See* Am. Compl. 4-5, ECF No. 7-2.)

Plaintiff was apparently provided prompt medical attention after the stabbing, but alleges that he has since been denied follow-up care.   Defendant Dr. C. Nash advised Plaintiff that his stitches would be removed ten days after the incident.   Plaintiff now alleges, however, that Nash has neglected to respond to his "sick calls" for "months" and that his stitches need to come out and are painful and bleeding.   (*See id.*)   Plaintiff also alleges that he asked Lieutenant Eaddie to contact medical about removing the sutures, but Eaddie refused to assist him in obtaining medical care and stated that "it wasn't his

problem."   (Am. Compl. 4.)

It is of course well settled that prison officials have "a duty . . . to protect prisoners from violence at the hands of other prisoners."   *Farmer v. Brennan*, 511 U.S. 825, 833 (1994).   Although not every injury inflicted by another inmate results from a violation of the Constitution, the Eighth Amendment is violated if a prisoner is seriously injured as a result of a "prison official's 'deliberate indifference' to a substantial risk of serious harm . . . ."   *Id.* at 828, 834.   This requires a showing that the official was "subjectively aware" of and nonetheless disregarded an excessive risk to the inmate's safety.   *See id.*   That being said, in cases involving inmate violence, a prisoner is not required to show that the prison official was subjectively aware of "precisely who would attack whom;" it is sufficient if the prison official is aware of "a generalized, substantial risk of serious harm from inmate violence."   *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1583 (11th Cir. 1995) (quoting *Farmer*, 511 U.S. at 843).

In this case, Plaintiff has apparently chosen not to bring a claim against the officer who allegedly abandoned her post and failed to intervene in the attack.   Plaintiff, instead, has brought claims against the Commissioner of the Department of Corrections, the warden of the prison, and the deputy warden of security at the prison.   Plaintiff's allegations, when accepted as true and viewed in the light most favorable to Plaintiff, do suggest that these defendants were aware of "a generalized, substantial risk of serious harm" as a result of the prevalence of gangs, weapons, and violent attacks in the prison, but failed to take action to cure the "unsafe, life-threatening conditions."   The undersigned

4

thus finds that it would be premature to dismiss Plaintiff's claims against Defendants Owens, McLaughlin and Blakely prior to service.

The undersigned will also permit Plaintiff's Eighth Amendment claims for inadequate medical care against Defendants Dr. Nash and Lieutenant Eaddie to go forward. "A prisoner asserting a constitutional claim for inadequate medical treatment must show an "objectively serious deprivation" of medical care. . . ." *Bishop v. Pickens Cnty. Jail*, 520 F. App'x 899, 900 (11th Cir. May 31, 2013). This is done by demonstrating "(1) an objectively serious medical need that, if left unattended, poses a substantial risk of serious harm, and (2) that the [defendants'] response to that need was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law.'" *Id.* (quoting *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011) (quotation marks and ellipsis omitted)).

Though it is unclear whether Plaintiff's condition is sufficiently serious to qualify for Eighth Amendment protection, when accepted as true and viewed in the light most favorable to Plaintiff, the Amended Complaint does suggest that both Defendants Nash and Eaddie have purposely ignored Plaintiff's need to have his sutures removed despite being aware that the sutures are painful and bleeding. The allegations likewise suggest that their failure to assist Plaintiff was not "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." *See id.*

It is accordingly **ORDERED** that service be made on Defendants Owens,

5

McLaughlin, Blakely, Nash, and Eaddie, and that they file an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

It is **RECOMMENDED**, however, that Plaintiff's claims against the "Georgia Department of Corrections" be **DISMISSED** under 28 U.S.C. § 1915A(b)(2).  The doctrine of sovereign immunity bars such claims against states and their agencies. *Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989) (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)).  This bar applies "regardless of whether the plaintiff seeks money damages or prospective injunctive relief."  *Id.* (citing *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)).  The Georgia Department of Corrections is a state agency and is thus protected by sovereign immunity.  *Stevens*, 864 F.2d at 115 ("The Eleventh Amendment bars this action against the Georgia Department of Corrections . . . .").

Federal courts in Georgia have likewise determined that a state prison is not an entity capable of being sued under § 1983.  *See Ansley v. Franks*, 2010 WL 4007626 *2 n.2 (S.D. Ga., Aug. 30, 2010) ("A . . . jail has no independent legal existence and is . . . not an entity that is subject to suit under § 1983."); *Allen v. Brown*, No. CV 112–052, 2013 WL 1333175, at *3 (S.D. Ga. March 7, 2013) ("federal courts in Georgia . . . have determined that jails and prisons are not legal entities subject to liability in § 1983 claims").  It is thus also **RECOMMENDED** that any claims against "Macon State Prison" be **DISMISSED**

pursuant to 28 U.S.C. § 1915A(b).

Plaintiff may serve and file written objections to the undersigned's recommendations with the district judge to whom this case is assigned within fourteen days after being served a copy of this Order.   28 U.S.C. § 636(b)(1).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.   Failure to promptly advise the Clerk of any change of address may result in the dismissal of pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that she must diligently prosecute her Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.   This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS,
## PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.   A party need not serve the opposing party by

7

mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.   If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with her custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of her lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

**IT IS ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court

upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court.  This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first).  The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party.  The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.   No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless

otherwise directed.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

**IT IS FURTHER ORDERED AND DIRECTED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due

10

on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff

is released from custody and fails to remit payments.   In addition, Plaintiff's Complaint is

subject to dismissal if he has the ability to make monthly payments and fails to do so.

SO ORDERED and RECOMMENDED, this 1st day of October, 2013.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

11