IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| GRADY R. WILLIAMS, JR., : | |
| : | |
| Plaintiff, : | |
| : | |
| VS. : | |
| : | CASE NO. 5:13-CV-0254-MTT-MSH |
| Commissioner BRIAN OWENS, *et. al,* : | |
| : | |
| Defendants. : | |
| _____ | |

### ORDER AND
### REPORT AND RECOMMENDATION

Presently pending before the Court are Defendants' motion to dismiss (ECF No. 16), Plaintiff's motions for injunctive relief (ECF Nos. 25, 32), and Plaintiff's motion to appoint counsel (ECF No. 26). Plaintiff's motion to appoint is denied. It is recommended that Defendants' motion to dismiss be granted and Plaintiff's motions for a preliminary injunction be denied.

### BACKGROUND

The present action arises out of an incident occurring at the Macon State Prison. The Complaint alleges that Plaintiff was attacked by other inmates and stabbed seven times. A nearby officer allegedly witnessed the attack but "stood idly" inside the control booth, failing to offer Plaintiff any assistance. According to Plaintiff, "over 1200 acts of violence [are] reported every year at Macon State Prison," and Commissioner Brian Owens, Warden Gregory McLaughlin, and Deputy Warden Don Blakely are each "aware of the ongoing gang violence that results in stabbings and deaths" at Macon State Prison

but "recklessly disregard [the] prevalence of weapons and violence" that occurs and "ignore the problem that [is] an obvious and serious danger" to inmates. (*See* Am. Compl. 4-5, ECF No. 7-2.)

Plaintiff was apparently provided prompt medical attention after the stabbing, but alleges that he has since been denied follow-up care. Defendant Nash advised Plaintiff that his stitches would be removed ten days after the incident. Plaintiff alleges, however, that Nash has neglected to respond to his "sick calls" for "months" and that his stitches need to come out and are painful and bleeding. (*See id.*) Plaintiff also alleges that he asked Lieutenant Eaddie to contact medical about removing the sutures, but Eaddie refused to assist him in obtaining medical care and stated that "it wasn't his problem." (Am. Compl. 4.)

After a preliminary review of Plaintiff's Complaint, Plaintiff's claims for failure to protect and inadequate medical care were allowed to go forward. Defendants move to dismiss claiming, *inter alia*, that Plaintiff has failed to exhaust his administrative remedies. Additionally, Plaintiff moves for appointment of counsel and for injunctive relief.

## DISCUSSION

### I.  Motion to Appoint

Plaintiff seeks counsel in this case claiming he is indigent and cannot afford an attorney and that his status as an inmate "greatly limit[s] his ability to litigate." (Mot. for Appointment of Counsel 1, ECF No. 26.) Under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel." However, there is "no absolute constitutional right to the appointment of counsel." *Poole v.*

*Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987).  Appointment of counsel is a privilege that is justified only by exceptional circumstances.  *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982).  In deciding whether legal counsel should be provided, the Court should consider, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented.  *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989).  Plaintiff has set forth the essential factual allegations underlying his claims, and the applicable legal doctrines are readily apparent.  Plaintiff therefore has not alleged the exceptional circumstances justifying appointment of counsel under *Holt*.  Accordingly, Plaintiff's motion for appointment of counsel is denied.

## II.    Motions for Injunctive Relief

Plaintiff also seeks relief in the form of a temporary restraining order directing the Defendants to stop retaliating against Plaintiff—by interfering with his mail and seizing his legal mail and property—for exercising his constitutional rights.  (*See generally* Mots. for Inj. Relief, ECF Nos. 25, 32.)[1]  Such relief is only appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) the preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that a preliminary injunction would cause to the non-movant; and (d) the preliminary injunction would not be adverse to the public interest.  *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001).  An irreparable injury "must be neither remote nor speculative, but actual and imminent."  *Siegel v. LePore*, 234

---

[1] Plaintiff sent two letters to the Court asking for a temporary restraining order and preliminary injunction.  The Court construes these letters as motions for injunctive relief.

F.3d 1163, 1176 (11th Cir. 2000) (citations omitted).

Initially, the Court notes that Plaintiff is requesting that the Court issue an order directing Defendants to stop retaliating against him—in other words, to obey the law. Such injunctive relief is impermissible. *See, e.g., Elend v. Basham*, 471 F.3d 1199, 1209 (11th Cir. 2006) ("It is well-established in this circuit that an injunction demanding that a party do nothing more specific than "obey the law" is impermissible."). Furthermore, as discussed below, the Court finds that Plaintiff's claims should be dismissed and therefore, Plaintiff has failed to show a "substantial likelihood of success on the merits." Accordingly, it is recommended that Plaintiff's motions for injunctive relief (ECF Nos. 25, 32) be denied.

### III.   Motion to Dismiss

Defendants move to dismiss Plaintiff's Complaint claiming, *inter alia*, that Plaintiff failed to exhaust his administrative remedies prior to filing this action. (Br. in Supp. of Defs.' Mot. to Dismiss 7-8, ECF No. 16-1.) Plaintiff responds claiming that he filed a grievance and timely appeal and consequently has exhausted his administrative remedies. (Pl.'s Opp'n to Defs.' Mot. to Dismiss 5-6, ECF No. 20.) As explained below, the Court agrees that Plaintiff has failed to exhaust his administrative remedies. Consequently, Defendants' other arguments for dismissal are not addressed herein.

Title 42, United States Code section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "[W]hen a state provides a grievance procedure for its

4

prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (internal quotation marks and citation omitted). The argument that a plaintiff has failed to satisfy section 1997e(a) is properly raised in a motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) ("[E]xhaustion should be decided on a Rule 12(b) motion to dismiss[.]"). Furthermore, since dismissal for failure to exhaust is not an adjudication on the merits, the Court can resolve factual disputes using evidence from outside the pleadings. *Id.* at 1376.

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's versions of the facts as true." *Id.* If, taking plaintiff's facts as being true, the defendant is entitled to dismissal for failure to exhaust, then the complaint should be dismissed. *Id.* "If the complaint is not subject to dismissal at the first step . . . , the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* The defendant bears the burden of proof during this second step. *Id.*

Defendants move to dismiss for lack of exhaustion claiming that Macon State Prison has a two-step grievance procedure in place, but that: (1) regarding the failure to protect claim, Plaintiff failed to allow this procedure to be completed prior to filing this action; and (2) regarding the deliberate indifference to medical care claim, Plaintiff failed

5

to file a grievance at all. (Br. in Supp. of Defs.' Mot. to Dismiss 7.) Plaintiff states in his Recast Complaint that he filed a grievance, but has not received a response. (Recast Compl. 2, ECF No. 6.) In his response and surreply to Defendants' motion to dismiss, Plaintiff avers that he filed a grievance regarding his failure to protect claim on July 15, 2013 and received a response on October 17, 2013. (Pl.'s Opp'n to Defs.' Mot. to Dismiss 5-6; Pl.'s Reply in Opp'n 2, ECF No. 23.) He then filed an appeal on November 1, 2013. (Pl.'s Opp'n to Defs.' Mot. to Dismiss 6.) He also contends that he "was unable to file a grievance in respect to the deliberate indifference to a serious medical need due to having two pending grievances." (Pl.'s Reply in Opp'n 2.) Plaintiff attempted to file such grievance on September 3, 2013, but could not file it pursuant to the Georgia Department of Corrections' Standard Operating Procedures allowing only two pending grievances at a time. (*Id.*) He states that it would be premature to dismiss because he has attempted to allow Defendants to address his contentions. (Pl.'s Opp'n to Defs.' Mot. to Dismiss 6.)

The facts as alleged by Defendants in their motion to dismiss and by Plaintiff in his responses are consistent and show that Plaintiff's Complaint should be dismissed for failure to exhaust at the first step of the exhaustion analysis. *Turner*, 541 F.3d at 1082. Plaintiff's Complaint was filed on July 11, 2013. (Compl. 7.) Plaintiff was directed to recast his complaint on the standard § 1983 forms. (Order 2, July 24, 2013, ECF No. 5.) Plaintiff signed his Recast Complaint on August 10, 2013, and it is postmarked August 30, 2013. (Recast Compl. 5-6, Attach. 2, ECF No. 6-2.) Regardless of when the Recast Complaint is deemed filed, Plaintiff's own assertions show that he failed to exhaust his remedies prior to filing either the Complaint or Recast Complaint.

Plaintiff filed his grievance regarding his failure to protect claim on July 15, 2013, after initially filing this action.[2]  (Pl.'s Opp'n to Defs.' Mot. to Dismiss 5.)  Plaintiff received a denial of his grievance on October 17, 2013 and filed an appeal on November 1, 2013.  (*Id.* at 6.)  Even assuming, without finding, that Plaintiff merely had to exhaust prior to filing his Recast Complaint, Plaintiff failed to exhaust because his Recast Complaint was filed in August 2013.  (Recast Compl. 6.)  Plaintiff had not even received the response to his grievance when he filed the Recast Complaint.  Thus, Plaintiff has failed to exhaust his administrative remedies regarding his failure to protect claim.  *See, e.g., Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000) ("[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure *before* pursuing a § 1983 lawsuit." (emphasis added)).

Likewise, Plaintiff has failed to exhaust his claims for inadequate medical care. Plaintiff admits that he did not attempt to file a grievance regarding this issue until September 3, 2013, but states that he was not allowed to file such grievance because of the Standard Operating Procedures which only allow two grievances to be pending.  (Pl.'s Reply in Opp'n 2.)  Plaintiff consequently did not even attempt to grieve this issue until after his Recast Complaint had been filed.  Additionally, Plaintiff must adhere to the procedural rules in the grievance procedure when exhausting his administrative remedies.

---

[2] Defendants state that this grievance was filed on July 17, 2013.  (Br. in Supp. of Defs.' Mot. to Dismiss 7.)  At the first step of the inquiry, the Court takes Plaintiff's version of the facts as being true.  *Turner*, 541 F.3d at 1082; *see also Dollar v. Coweta Cnty. Sheriff Office*, 446 F. App'x 248, 251-52 (11th Cir. 2011).

His inability to file a grievance because he already had two grievances pending is consequently immaterial to whether he exhausted. *See, e.g., Jones v. Bock*, 549 U.S. 199, 218 (2007) ("[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules[.]" (internal quotation marks and citation omitted)).

It is clear from Plaintiff's responses that he did not exhaust his administrative remedies prior to filing this action. Plaintiff did not file a grievance at all regarding his inadequate medical care claim and failed to allow the grievance procedure to be completed regarding his failure to protect claim. He thus failed to exhaust his administrative remedies. Consequently, Defendants' motion seeking dismissal for failure to exhaust should be granted.

## CONCLUSION

For the reasons explained above, Plaintiff's motion to appoint (ECF No. 26) is denied. It is recommended that Plaintiff's motions for injunctive relief (ECF Nos. 25, 32) be denied. Furthermore, Defendants' motion to dismiss (ECF No. 16) should be granted for Plaintiff's failure to exhaust his administrative remedies and his Complaint should be dismissed without prejudice. Under 28 U.S.C. § 636(b)(1), the parties may file objections to this Recommendation in writing with the United States District Judge within fourteen (14) days after being served with a copy hereof.

SO ORDERED and RECOMMENDED, this 20th day of August, 2014.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE